IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                                   No. CR S-07-CR-0023 MCE

    vs.

TROY CARDOSO,

        Defendant.                               <u>ORDER</u>

_____/

        This case was on calendar on October 8, 2008 for review of the detention order entered on February 1, 2007 and reaffirmed on February 1, 2008.  Dwight Samuel, Esq., appeared for defendant, who was present in custody.  Heiko Coppola, Assistant United States Attorney, appeared for the government.

        Defendant is charged with one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B).  At the initial detention hearing on February 1, 2007, the court found by clear and convincing evidence that no condition or combination of conditions  would reasonably assure the safety of the community under 18 U.S.C. § 3142 (e).  The court reaffirmed this determination after a hearing on February 1, 2008.

/////

/////

1

In support of the current motion for release, defendant provided, under seal, a report from psychologist Christopher Heard, Ph.D.  At the hearing, the government argued that if the court were to rely on any psychological assessment, it should obtain a more complete evaluation from a neutral evaluator.  Defense counsel had no objection to this request.

Although the statutes relating to pretrial release of a defendant do not contain a specific provision authorizing the court to appoint a psychiatrist or psychologist to assist it in determining whether a defendant would pose a danger if released, several courts have relied on such assessments without identifying the authority underlying the appointment.  See United States v. Pabon-Cruz, 321 F.Supp.2d 570, 571 (S.D.N.Y. 2003); United States v. Colon, 2003 WL 21730603 (S.D.N.Y. 2003).   It appears these courts were relying on the federal courts' inherent powers "to achieve justice."  United States v. McSherry, 226 F.3d 153, 156 (2d Cir. 2000) (upholding order directing defendant to undergo exam by government expert before proffering psychiatric testimony at trial); United States v. Webster, 162 F.3d 308, 339 (5th Cir. 1998) (finding court had inherent power to direct defendant to submit to psychiatric exam by government's doctor for penalty phase of death penalty prosecution).

The court is aware of United States v. Martin-Trigona, 767 F.2d 35 (2d Cir. 1985), which held that the court lacked the authority to compel a defendant to undergo a psychiatric examination to determine his dangerousness to the community, but finds it distinguishable.  First, the defendant here has waived any objection to the proceeding submitting his own psychological report and by acceding to the court's suggestion that appointment of an expert would be appropriate.  Second, the court in Martin-Trigona found the examination inappropriate because "there was no determination or allegation that appellant actually posed a danger . . .to the community, only that it was not known. . . ."  Id. at 38.  In this case, the court previously has found that defendant would pose a danger if released; the report now being ordered is not "for the purpose of aiding the government in establishing its burden of proof. . . ." Id.

2

IT IS THEREFORE ORDERED that:

1. On the joint proposal of the parties, Dr. Humberto Temporini, U.C. Davis Department of Psychiatry and Behavioral Services, is appointed to evaluate defendant and to report to the court his conclusions on the question of defendant's danger to the community if released from jail pending trial as well as his recommendations, if any, as to conditions to be imposed on defendant should he be released from jail.

2. This report should be provided confidentially to the court in chambers by November 24, 2008, with copies to counsel; it should not be filed on the public docket.

3. The matter is set for further hearing on December 4, 2008 at 10:00 a.m.

4. The Pretrial Services Office is directed to provide the confidential information from its file to Dr. Temporini as soon as practicable.

5. The Clerk of the Court is directed to serve a copy of this order on Dr. Temporini, Department of Psychiatry and Behavioral Services, 2516 Stockton Blvd., Sacramento CA 95817 and on Pretrial Services.

6. The government is directed to arrange to compensate Dr. Temporini for his services. See The Guide to Judiciary Policies and Procedures, Chapter 3, Part B, Section 3.11 (Summary Chart, Item 9) at <http://jnet.ao.dcn/Guide/Volume_7/Section_A/Chapter_3.html>.

DATED: October 27, 2008.

_____
U.S. MAGISTRATE JUDGE