UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>TROY CARDOSO,<br><br>            Defendant. | No.  2:07-cr-00023-MCE<br><br><br><br>**ORDER** |

Defendant Troy Cardoso ("Defendant") pled guilty in 2011 to Possession of One or More Matters Containing Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  He was subsequently sentenced to a term of 97 months imprisonment, and his 120-month term of supervised release began on March 12, 2014.  On December 23, 2014, this Court's Probation Office ("Probation") filed a 12C Petition for Warrant or Summons for Offender Under Supervision alleging the unauthorized possession of pornography.  Supervised release was revoked, and on March 12, 2015, Defendant was sentenced to 5 months BOP followed by a 108-month term of supervised release.  Supervision recommenced on August 26, 2015, and on December 16, 2015, Probation filed a 12C Petition again charging Defendant with the unauthorized possession of pornography.  On March 8, Probation filed a Superseding 12C Petition adding multiple additional charges.

Defendant denied the charges and moved to dismiss Charges 1 and 2 and to modify Special Condition Number 6. ECF Nos. 181, 184. He also challenged Charges 4-7 on various grounds. ECF Nos. 184, 193. The Court held an evidentiary hearing on July 18, 2016, and the Government put on evidence in support of the charges. Upon consideration of the evidence before the Court and the arguments of counsel, the Court SUSTAINS in part and DISMISSES in part the charges in the Superseding Petition.

## THE PETITION

According to the Petition, a third party submitted a tip to a Cyber Tipline, which is reviewed by the National Center for Missing and Exploited Children, advising that Defendant was seen frequenting a residence owned by Defendant's parents on Curragh Downs Drive in Fair Oaks, California. The reporting party's friend had observed a Comcast Cable truck parked in front of that residence, and the reporting party knew Defendant had been convicted of possessing child pornography, so he or she deduced that Defendant probably was not permitted to have access to the internet.

The Probation Officer questioned Defendant about the foregoing and Defendant admitted that the residence belonged to his parents and that both he and his parents still kept belongings there even though his parents had since moved. Defendant also admitted that he frequented the residence to assist his father with projects, to relax and have lunch, and to take naps or breaks during the workday. Defendant denied having access to a computer or the internet.

A search of the Curragh Downs property was conducted shortly thereafter, but not before officers observed Defendant's mother, Mrs. Cardoso, carrying items from the residence to her vehicle. She then left, but Defendant's father, Mr. Cardoso, gave permission for officers to search the premises. Agents uncovered indicia that Defendant had been in the home. They also found pornography and electronics, but no computer. Defendant's residence was simultaneously searched, and agents found a new Apple

keyboard, but again no computer.

It also turned out that after Mrs. Cardoso left the Curragh Downs residence, she drove to another one of Defendant's parents' properties, a warehouse, where agents eventually uncovered, among other things, 4 DVDs with the offender's name on them, a Netgear router, a Logitech keyboard, Seagate external hard disk drive (4tb), Seagate external hard disk drive (400gb), Apple Mac Mini computer, Apple Macbook Pro laptop computer, Iomega external hard disk drive, Logitech micro-USB receiver, and 60 CDs. Based on the above-described circumstances and the items recovered, the Petition sets forth seven charges:

> **Charge 1:   Unauthorized Possession of Pornography**
> On December 16, 2015, Defendant was found in possession of a West Coast Sex Directory, 29 Playboy Playmate posters, 1 All American Girl adult pornographic poster, 2 Hustler magazines, 2 Playboy magazines, and a Playboy calendar.
>
> **Charge 2:   Unauthorized Possession of Pornography**
> That same day, Defendant also possessed: (1) a 4 terabyte external hard drive with over 1 million images of partially or completely nude adult females; (2) a 400 gig external hard drive with over 200 similar pictures; (3) an iPad mini with 200 gig capacity and in excess of 500 additional images; and (4) 10 CDs with additional images and videos.
>
> **Charge 3:   Unauthorized Possession of a Computer**
> Defendant possessed the above mentioned iPad mini and also had a Macbook Pro.
>
> **Charge 4:   Failure to Follow the Instructions of the Probation Officer**
> On October 30, 2015, the Probation Officer instructed Defendant to be at his home the following afternoon for a visit. He agreed to do so, but purposefully left to avoid the officer.
>
> **Charge 5:   Unauthorized Access of the Internet**
> From August 26, 2015, through November 4, 2015, Defendant established a high speed Comcast account at his residence.
>
> **Charge 6:   Unauthorized Access of the Internet**
> From December 5, 2015, through December 18, 2015, Defendant again subscribed to high speed Comcast internet service, this time at a residence apparently owned by his parents. Defendant apparently grew up there, but his parents have since moved out.

**Charge 7: Residence Shall be Preapproved by Probation Officer**
Between August 16, 2016, and December 16, 2015, Defendant had frequent and regular access to his parent's house. This residence was not reported to the probation officer.

## ANALYSIS

Defendant appeared before the Court on July 18, 2016, at which time the Government offered its evidence in support of the above charges. Pursuant to 18 U.S.C. § 3583(e)(3), in order to revoke a Defendant's term of supervised release, this Court must find by a preponderance of the evidence that Defendant violated one of the conditions of that release. See, e.g., United States v. Verduzco, 330 F.3d 1182, 1184 (9th Cir. 2003); Johnson v. United States, 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").

By way of the instant Motion, Defendant contends that Charges 1 and 2 must be dismissed because they turn on his violation of Special Condition Number Six of the terms of his supervised release, which he contends is unconstitutionally overbroad to the extent it prohibits possession of materials "depicting sexually explicit conduct," even if that conduct is not itself pornographic, or from frequenting places that hold such material. Special Condition Number 6 states:

> The defendant shall not possess, own, use, view, or read material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 USC 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. Furthermore, the defendant shall not frequent places where the primary purpose is related to such material.

ECF No. 156 at 4. The Government concedes that this condition fails under the case

law and has declined to pursue these charges. See United States v. Gnirke, 775 F.3d 1156, 1161 (9th Cir. 2015); United States v. Clark, 539 Fed. Appx. 724 (9th Cir. 2013).[1] The Government further suggests, however, that, should Defendant be required to serve an additional period of supervised release, Special Condition Number 6 be modified to read:

> The defendant may not possess, own, use, view, or read (1) any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), or (2) any materials with explicit, sexually stimulating depictions of adult sexual conduct deemed inappropriate by the defendant's probation officer. Further, the defendant may not visit or patronize any location whose primary purpose is providing such materials or entertainment.

ECF No. 191 at 3. Defendant concurs in this suggested language, which the Court is inclined to adopt, but the parties will be free to brief the issue further if necessary before any dispositional hearing. In the meantime, however, Charges One and Two are DISMISSED.

Defendant also challenges Charge Number Four which alleges he failed to follow the instructions of the Probation Officer by not meeting her as instructed at his home for a visit on the afternoon of October 31, 2015. Defendant instead tries to cast the Probation Officer's directive as an order akin to keeping him on home confinement that day, which would exceed her authority in supervising Defendant. That is not the case. The Probation Officer testified credibly that she arranged to meet Defendant for a visit, and he failed to appear. If a Probation Officer lacked the authority to issue this sort of order, supervision would be unworkable to the point of being virtually impossible. Defendant's argument is rejected and this charge is SUSTAINED.

///

///

///

---

[1] Punishment under an overbroad regulation is impermissible even if a person's specific conduct is not constitutionally protected. See New York v. Ferber, 458 U.S. 747, 769 (1982). Stated another way, despite the fact that Defendant very clearly possessed pornography, which is unprotected, because the condition covers protected material, the charges cannot stand.

1    Next, while Defendant acknowledges that the Government would be able to show
2    he possessed a computer with internet access providing the basis for Charges Five and
3    Six, Defendant further contends that the no-internet condition is an unconstitutional
4    restriction.  He is wrong.  See United States v. Reardon, 349 F.3d 608, 620-21 (9th Cir.
5    2003) (limiting internet access of individual convicted of child pornography offense
6    unless prior approval of the probation officer was granted is permissible).  Those
7    charges are SUSTAINED as well.
8    Finally, Defendant contends that Charge Seven should be dismissed because the
9    evidence before the Court does not show he took up residence at his parents' house on
10   Curragh Downs.  The Court disagrees.  There was ample evidence before the Court to
11   determine by a preponderance of the evidence that Defendant was living at least part of
12   the time at that address.  The only real evidence Defendant attempted to offer to the
13   contrary was security records purportedly indicating that Defendant had repeatedly
14   armed and disarmed the security alarm at the residence he reported to the Probation
15   Officer as being his own and thus could not have been living at Curragh Downs.
16   Defendant's evidence is insufficient to rebut the Government's because the security
17   records did not identify who exactly manned the alarm nor did any testifying witness
18   have personal knowledge that it had in fact been Defendant who did so.  Even if
19   Defendant had set the alarms, however, he still could have been living at the Curragh
20   Downs residence at other times.  In sum, the evidence to support this charge was
21   sufficient as well, and Charge Number Seven is SUSTAINED.
22   Defendant does not challenge the evidence supporting Charge Number Three,
23   which this Court finds supported by the record.  That Charge is SUSTAINED as well.
24   ///
25   ///
26   ///
27   ///
28   ///

**CONCLUSION**

For the reasons articulated above, the charges set forth against Defendant in the Superseding Petition for Warrant or Summons for Offender Under Supervision ("Petition") (ECF No. 172) are SUSTAINED in part and DISMISSED in part as described above. A disposition hearing is hereby set on September 1, 2016, at 10:00 a.m. in Courtroom 7.

IT IS SO ORDERED.

Dated:  August 9, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE